# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSHE SHATZKI, | ) 1:09cv02046 LJO DLB<br>)<br>) |
| Plaintiff, | ) ORDER REGARDING CHRYSLER GROUP<br>) LLC'S MOTION TO TRANSFER VENUE<br>) PURSUANT TO 28 U.S.C. § 1412<br>) (Document 6) |
| v. | ) |
| IRENE ABRAMS; BOARDWALK AUTO CENTER; CHRYSLER GROUP LLC; and DOES 1-50, inclusive, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

On November 30, 2009, Defendant Chrysler Group LLC ("Defendant") filed the instant motion to transfer this action to the United States District Court for the Southern District of New York. The matter was heard on January 8, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. John Gherini appeared on behalf of Defendant Chrysler Group LLC. Plaintiff Moshe Shatzki did not appear.

**BACKGROUND**

**A.   Procedural Background**

Plaintiff Moshe Shatzki ("Plaintiff") filed the underlying complaint in Merced County Superior Court on September 15, 2009. The Complaint asserts causes of action arising from an incident on July 28, 2009, and names Irene Abrams, Boardwalk Auto Center, Inc. and Chrysler Group, LLC ("Chrysler Group") as Defendants.

1

According to the Complaint, on or about July 28, 2009, Plaintiff was driving a 2008 Chrysler Sebring and the trunk opened.[1] He pulled over to re-secure the trunk and could not see well because it was still dark. When he stepped out of the car, he fell into a ditch, injuring his head, hips and shoulder. He also damaged his dentures and lost his hearing aid.

Plaintiff alleges that Chrysler Group is responsible for making a defective product. He alleges that Boardwalk Auto Center, Inc. failed to properly repair the trunk after several attempts. He further alleges that Irene Abrams is the owner of the car and she will not provide insurance information so that he may make a claim. Plaintiff asserts motor vehicle, general negligence, intentional tort and products liability causes of action. He seeks medical expenses, long life disability and damages for emotional distress.

On November 20, 2009, Defendant Chrysler Group removed the action to this Court asserting that the state action is a civil proceeding arising under, in or related to cases under Title 11 of the United State Code ("Bankruptcy Code") over which the district courts have original jurisdiction under 28 U.S.C. § 1334.

On November 30, 2009, Chrysler Group filed the instant motion to transfer venue to the Southern District of New York, for referral to the United States Bankruptcy Court in that District, pursuant to 28 U.S.C. § 1412. No opposition has been filed. Chrysler Group filed a reply on December 31, 2009, noting the lack of opposition and providing copies of orders from other courts that have granted similar motions to transfer venue in cases involving Chrysler Group.

**B.     Chrysler LLC's Bankruptcy Case**

On April 30, 2009, Chrysler LLC and 24 of its domestic direct and indirect subsidiaries filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002. The bankruptcy case is pending before Judge Arthur J.

---

[1] Chrysler Group asserts that the allegation that the accident occurred on July 28, 2009, is "an obvious clerical error." Motion, p. 1. According to Chrysler Group, between February 2009 and April 2009, Plaintiff made a claim and was interviewed by Chrysler LLC on several occasions regarding the incident. On March 27, 2009, Jenny Barei of Affordable Paralegal Services sent a demand letter on Plaintiff's behalf. The letter described the same accident alleged in the Complaint. Chrysler LLC received the letter on April 6, 2009. See Declaration of John G. Gherini ("Gherini Dec.") ¶ 4, Exhibit B. In response to the demand letter, Chrysler LLC reportedly inspected the vehicle on April 29, 2009. Motion, p. 2.

2

Gonzalez.

In connection with the bankruptcy case, the debtors, Fiat S.p.A ("Fiat") and Chrysler Group (then known as New Carco Acquisition LLC) entered into a Master Transaction Agreement dated April 30, 2009 ("Purchase Agreement"). The Purchase Agreement provided that the debtors would sell substantially all of their operating assets to Chrysler Group and Fiat. Gherini Dec. ¶ 6, Exhibit C.

After notice to all interested parties, the Bankruptcy Court held a three-day evidentiary hearing to consider approval of the Purchase Agreement. Alleged personal injury tort victims of Chrysler LLC were represented by counsel before the Bankruptcy Court by the Ad-Hoc Committee of Consumer Victims of Chrysler LLC. Counsel for the Ad-Hoc Committee objected to the sale and presented a written opening statement for the evidentiary hearing objecting to the proposed sale. Gherini Dec. ¶¶ 7 and 8, Exhibits D and E. The Bankruptcy Court overruled the Ad-Hoc Committee's objections to the sale, including overruling the objections that then pending actions against Chrysler LLC, n/k/a/ Old CarCo LLC, for alleged tortious conduct would not be assumed by Chrysler Group. Gherini Dec. ¶ 10, Exhibit F, pp. 42-44.

On June 1, 2009, the Bankruptcy Court issued a sale order. Gherini Dec. ¶ 11, Exhibit G. In the order, the Bankruptcy Court approved the Purchase Agreement and held that the purchasers (Fiat and Chrysler Group), "its successor or assigns or any of their respective affiliates" shall not have "any liability for any Claim that (a) arose prior to the Closing Date...." Gherini Dec. ¶ 11, Exhibit G at p. 40. The Bankruptcy Court also ordered:

> [t]he Purchaser shall not have any successor, derivative or vicarious liabilities of any kind or character for any Claims, including, but not limited to, on any theory of successor or transferee liability, *de facto* merger or continuity, environmental, labor and employment, products or antitrust liability, whether known or unknown as of the Closing now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

Exhibit G to Gherini Dec. at pp. 40-41. The Bankruptcy Court permanently enjoined litigation claimants from asserting any claims against Chrysler Group. Exhibit G to Gherini Dec. at pp. 28-29. The court also expressly retained jurisdiction to resolve all matters relating to the implementation, enforcement and interpretation of its order. Exhibit G to Gherini Dec. at p. 49. The sale order was appealed and the Second Circuit affirmed the Bankruptcy Court's order. See

3

1  Indiana State Police Pension Trust v. Chrysler LLC (In re: Chrysler LLC), 576 F.3d 108 (2d Cir. 2009). Following the Second Circuit's order, the Ad-Hoc Committee and other interested parties filed a petition for certiorari with the United States Supreme Court on September 4, 2009. According to Chrysler Group, the petition is currently pending. However, it appears that the United States Supreme Court granted the writ of certiorari on December 14, 2009. In its order, the Supreme Court vacated the Second Circuit's judgment and remanded the case to the Second Circuit with instructions to dismiss the appeal as moot. Indiana State Police Pension Trust v. Chrysler LLC, __ S.Ct. __, 2009 WL 2844364, *1 (U.S. Dec. 14, 2009).

Chrysler Group contends that the Bankruptcy Court for the Southern District of New York is the correct venue to determine the viability of Plaintiff's claims against Chrysler Group because the claims essentially require interpretation of the Bankruptcy Court's sale order. Chrysler Group moves to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1412.

## DISCUSSION

**A.    Transfer**

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Chrysler Group contends that the underlying action is obviously "related to" the bankruptcy case because the action could conceivably have an effect on the bankruptcy estate. Chrysler Group seeks transfer of the case in the interest of justice and for the convenience of the parties.

<u>Interests of Justice</u>

The factors considered when deciding whether to transfer a case in the interest of justice include: "the economics of estate administration, the presumption in favor of the "home court," judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum." Senorx, Inc. v. Coudert Bros., LLP, 2007 WL 2470125, *1 (N.D.Cal. 2007). The most important consideration is whether the transfer would promote the

economic and efficient administration of the estate.  Id.

The Court finds that the transfer would promote the economic and efficient administration of the bankruptcy estate.  The Bankruptcy Court already has ruled on whether alleged personal injury tort victims of Chrysler LLC are entitled to recover from Chrysler Group under a theory of successor liability.  The Bankruptcy Court also expressly retained jurisdiction over all matters relating to the implementation, enforcement and interpretation of its orders.  Transfer of the action will permit the Bankruptcy Court to resolve issues pertaining to implementation of its prior orders, including the validity of claims alleged by Plaintiff.  See, e.g., Cooper v. Daimler AG, 2009 WL 4730306 (N.D.Ga. Dec. 3, 2009) (transfer of action against Chrysler Group under § 1412 would promote the efficient administration of the bankruptcy estate); Monk v. Daimler AG, 2009 WL 4730314 (N.D.Ga. Dec. 3, 2009) (same); cf. Doss v. Chrysler Group, 2009 WL 4730932, *5-6 (D.Ariz. Dec. 7, 2009) (court declined transfer under § 1412, but transferred the matter sua sponte under 28 U.S.C. § 1404 (a), finding that the convenience of the parties and the interests of justice called for transfer and that the action could have been brought in the Southern District of New York because federal jurisdiction existed under 28 U.S.C. § 1334(b)).  The "home court" presumption also favors transfer.  The "home court" is the bankruptcy court where the debtor's case is pending.  Senorx, 2007 WL 2470125, at *1.

Convenience of the Parties

Chrysler Group also contends that the transfer will promote the convenience of the parties.  The relevant factors regarding convenience include the location of plaintiff and defendant, ease of access to necessary proof, convenience of witnesses, availability of subpoena power for the unwilling witnesses, and the expense relating to obtaining witnesses.  Senorx, 2007 WL 2470125, at * 2.  Chrysler Group identifies the factors as: (1) the proximity of the creditors to the court; (2) the proximity of the debtors to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity for ancillary administration if bankruptcy should result.  See, e.g., In re Donald, 328 B.R. 192, 204 (9th Cir. 2005) (identifying non-exclusive factors that add up to totality-of-circumstances analysis).

Here, the totality of circumstances favors transfer because (1) litigation pertaining to these issues would require fewer of the limited resources of the bankruptcy estate if consolidated; (2) geographically diverse creditors are currently being represented in the bankruptcy case; and (4) the debtors assets are under the control of the Bankruptcy Court.

**B.      Severance**

The record does not indicate whether Defendants Irene Abrams ("Abrams") and Boardwalk Auto Center, Inc. ("Boardwalk") were served with the underlying complaint prior to removal or if they have been served at all. At a minimum, the record reflects that these defendants were not served with a copy of the instant motion to transfer venue. (Doc. 9; Certificate of Service). They also have not appeared in this action.

Under Federal Rule of Civil Procedure 21, the court has authority to sever parties or claims from an action *sue sponte*. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). "Courts have broad discretion regarding severance." Williams v. Felker, 2006 WL 4955994, *1 (E.D.Cal. March 1, 2006). Fairness is "a critical consideration in determining whether severance is appropriate." Pena v. McArthur, 889 F.Supp. 403, 407 (E.D.Cal. 1994). Abrams and Boardwalk were involuntarily removed to this Court and there is no indication that they have any connection to the bankruptcy case involving Chrysler Group. The Court finds that fairness considerations warrant severing Defendants Abrams and Boardwalk from this action. See Doss, 2009 WL 4730932 (court severed claims against non-Chrysler parties *sua sponte* pursuant to Fed. R. Civ. P. 21 in consideration of fairness, including the possibility of prejudice).

As there appears to be no basis for the Court's jurisdiction over claims asserted against Abrams and Boardwalk, remand is appropriate as to those defendants. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**ORDER**

Based on the above, the Court orders as follows:

1.      Irene Abrams and Boardwalk Auto Center, Inc. are SEVERED from this action;

2. The action against Irene Abrams and Boardwalk Auto Center, Inc. is REMANDED to the Merced County Superior Court for all future proceedings;

3. Chrysler Group's motion to transfer is GRANTED as to Chrysler Group LLC; and

4. The Clerk of the Court is directed to transfer this action, which after severance includes claims only against Chrysler Group LLC, to the United States District Court for the Southern District of New York.

IT IS SO ORDERED.

Dated: **January 11, 2010**         /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE